# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.

AMARI SAMS,

      Defendant.

CASE NO.: 4:19-cr-15

## O R D E R

This matter comes before the Court on Defendant Amari Sams' Motion in Limine. (Doc. 64.) Through this Motion, Defendant requests that the Court exclude "certain improper character evidence at trial" and asks the Court to hold a hearing to "determine the issue of 404(b) evidence." (Id.) The Government did not file a response to Defendant's Motion but did file a pleading titled "Motion to Introduce Other Act Evidence."[1] (Doc. 66.) Therein, the Government seeks permission to introduce several prior criminal convictions of Defendant during the trial of this case. After consideration, the Court **GRANTS IN PART** Defendant's Motion, (doc. 64) and **DENIES IN PART** the Government's Motion, (doc. 66). Specifically, the Court agrees with Defendant that his prior convictions for theft by receiving and theft by taking are not admissible under Federal Rule of Evidence 404(b). However, the Court **RESERVES RULING** on the issue of whether the Government can introduce Defendant's prior firearm-possession conviction as well as his convictions for drug offenses.

## BACKGROUND

---

[1] Though the Government filed the pleading on the Court's docket as a "Notice to Introduce Other Act Evidence," it titled the actual pleading a "Motion." Given that the Government requests affirmative relief in this pleading, the Court will treat it as a Motion.

In this case, Defendant is charged with five felony counts: conspiracy to possess with intent to distribute controlled substances (cocaine, methamphetamine, and marijuana); possession with intent to distribute controlled substances (cocaine, methamphetamine, and marijuana); possession of a firearm by a prohibited person; possession of a stolen firearm; and possession of a firearm in furtherance of a drug trafficking crime. (Doc. 1.) On February 20, 2019, the Government filed a "Notice of Intent to Introduce Other Act Evidence." (Doc. 38.) Therein, the Government stated that it intended to introduce Defendant's prior convictions during the trial of this case under Federal Rule of Evidence 404(b) and also for purposes of cross-examination. (Id.)

On June 7, 2019, Defendant filed his Motion in Limine addressing the Government's Notice. (Doc. 64.) Defendant argued that the Government's Notice "[did] not indicate how the prior convictions relate to the conduct charged in this case." (Id. at p. 2.) The Government then filed its Motion to Introduce Other Acts Evidence. (Doc. 66.) Through this Motion, the Government requested permission to introduce evidence of several prior convictions of Defendant, including three convictions for theft by receiving stolen property, one conviction for theft by taking, one conviction of possession of a firearm by a convicted felon, and two convictions for drug offenses. (Id. at pp. 4–5.) It argued that these convictions were admissible under Federal Rule of Evidence 404(b). (Id.) The Court heard argument from the parties on their Motions at the pretrial hearing on June 20, 2019. (Doc. 84.)

## DISCUSSION

Federal Rule of Evidence 404(b) prohibits the use of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Evidence of other crimes may be admissible, however, for other purposes, such as to prove intent, knowledge, or absence of mistake or accident. Fed. R.

Evid. 404(b)(2). The Eleventh Circuit Court of Appeals has explained "Rule 404(b) is one of inclusion which allows extrinsic evidence unless it tends to prove only criminal propensity." United States v. Sanders, 668 F.3d 1298, 1314 (11th Cir. 2012) (internal quotation marks omitted).

Courts in the Eleventh Circuit employ a three-prong test for assessing the admissibility of evidence under Rule 404(b)(2). United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003). "First, the evidence must be relevant to an issue other than the defendant's character." Id. (quoting United States v. Miller, 959 F.2d 1535, 1538 (11th Cir.1992)). Second, "there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act." Id. "Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." Id.

The Government has failed to satisfy the first and third prongs of this analysis as to Defendant's prior theft by taking and theft by receiving convictions. These convictions do not appear to be relevant to an issue other than Defendant's character. In its Motion, the Government did not offer any specific argument or explanation regarding the admissibility of these convictions. At the pretrial hearing, the Government argued that Defendant Sams and his codefendants in this case were apprehended in a stolen car and, therefore, his prior theft convictions are somehow relevant to his state of mind in the case at hand. However, Defendant has not been charged in this case with stealing the vehicle or some other offense relating to the vehicle. Thus, his knowledge of the vehicle's stolen status is not at issue. Moreover, Defendant's theft convictions predate his charges in this case by several years and do not appear to involve his codefendants. Thus, it does not appear those convictions could be used to prove some common plan amongst him and his codefendants. Put simply, the Government has not made any link between Defendant's prior theft convictions and the charges in this case.

Furthermore, even if the Government had demonstrated such a probative link, it has failed to satisfy the third prong of the 404(b)(2) analysis as to Defendant's theft convictions. Any probative value of Defendant's prior theft convictions would be substantially outweighed by the undue prejudice the convictions would cause to Defendant. Weighing against whatever minimal probative value that the theft convictions could provide would be the inherent risk that the jury would improperly use these convictions to ascribe to Defendant a criminal propensity. For all these reasons, the Court **GRANTS** Defendant's Motion to exclude evidence of his prior theft by taking and theft by receiving convictions and **DENIES** the Government's Motion to introduce these convictions pursuant to Federal Rule of Evidence 404(b).[2]

The Court now turns to Defendant's prior conviction for possessing a firearm as a convicted felon and his prior drug convictions. These convictions have at least some probative value as they are relevant to whether Defendant acted with the requisite *mens rea* in the case at hand. "A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." United States v. Zapata, 139 F.3d 1355, 1358 (11th Cir. 1998). As all parties acknowledged at the pretrial hearing, Defendant Sams' intent will be a significantly disputed issue during the trial of this case.

---

[2] In its Motion, the Government made mention of using Defendant's prior convictions pursuant to Federal Rule of Evidence 609 to impeach Defendant's testimony if he chooses to testify. (Doc. 66, p. 3.) However, the Government provided no specific argument as to whether Defendant's prior convictions could be used under Rule 609, and it did not focus on this use at the hearing. Moreover, it is obviously an open question at this point whether Defendant will testify. Further, it appears that many of Defendant's theft convictions are more than ten years old and, thus, each of these convictions could only be admitted if their "probative value, supported by specific facts and circumstances, substantially outweighs [their] prejudicial effect." Fed. R. Evid. 609(b)(1). The Court has no knowledge of the specifics or circumstances of Defendant's prior theft convictions. In light of these uncertainties, the Court makes no ruling at this time as to whether the Government may admit Defendant's prior convictions under Rule 609. Should Defendant testify and should the Government seek to impeach his testimony with **any** prior convictions, the Government must first seek leave from the Court to do so, outside the presence of the jury.

The charges against him arise out of a traffic stop in which drugs and firearms were found in a car occupied by him and two codefendants. Consequently, the Government will have to meet the "substantial burden" of proving that Defendant acted with the requisite intent as to the guns and drugs, and it will have to prove more than his mere presence at the scene.

The Eleventh Circuit has held that there is a "logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental)." Jernigan, 341 F.3d at 1281. Thus, "the fact that [Defendant Sams] knowingly possessed a firearm . . . on a previous occasion makes it more likely that he *knowingly* did so this time as well." Id. at 1282. "Moreover, when a defendant does not admit or stipulate to knowingly and intentionally possessing a firearm as a felon, the government may seek to admit evidence of a prior knowing possession of a firearm to prove the *mens rea* element of the offense." United States v. Perrier, 619 F. App'x 792, 796 (11th Cir. 2015) (per curiam) (citing United States v. Taylor, 417 F.3d 1176, 1182 (11th Cir. 2005)). Consequently, Defendant's prior conviction for possessing a firearm as a convicted felon is at least minimally relevant to whether he knowingly possessed a firearm on the occasion alleged in this case. Therefore, Defendant's prior firearm possession conviction satisfies the first prong of the Court's Rule 404(b)(2) analysis.

Similarly, Defendant's prior drug convictions are relevant to an issue other than his character as they are probative of his intent and knowledge as to the drug charges levied against him in this case. See United States v. Edouard, 485 F.3d 1324, 1345 (11th Cir. 2007) (defendant's drug smuggling activities that predated allegations in indictment were pertinent to issue of intent and, thus, satisfied first 404(b)(2) prong). Even where a defendant was previously convicted for mere possession of drugs, the Eleventh Circuit has held that the prior conviction can be admitted

in a subsequent unrelated prosecution for the distribution of drugs to prove the defendant's intent. United States v. Butler, 102 F.3d 1191, 1196 (11th Cir. 1997) ("[T]he logical extension of our current jurisprudence is to admit evidence of prior personal drug use to prove intent in a subsequent prosecution for distribution of narcotics."); see also United States v. Matthews, 431 F.3d 1296, 1311 (11th Cir. 2005) ("circuit precedent regards virtually any prior drug offense as probative of the intent to engage in a drug conspiracy"). Consequently, Defendant's prior drug convictions are at least minimally probative, and, thus, the Government has satisfied the first Rule 404(b)(2) prong as to those convictions as well.

Turning to the second Rule 404(b)(2) prong, the Court cannot asses at this time whether the Government has "sufficient proof so that a jury could find that the defendant committed" the prior drug offenses or the firearm offense. Jernigan, 341 F.3d at 1280. The Government stated at the hearing that it would be prepared at trial to introduce certified copies of these convictions. Should the Government do so, it will satisfy the second prong. However, having not yet received such documents, the Court withholds any ruling as to this requirement.

The Court also reserves ruling as to whether Defendant's prior drug and firearm convictions satisfy the third prong of the Rule 404(b)(2) analysis. Again, under that prong, "the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." Id. The Eleventh Circuit provided the following explanation of this assessment:

> "Extrinsic evidence of other crimes, wrongs, or acts is inherently prejudicial to the defendant, and may entice the jury to draw the prohibited inference that a defendant previously convicted of a crime likely committed the same crime again." [United States v. Sterling, 738 F.3d 228, 238 (11th Cir. 2013)] (internal quotation marks omitted). Thus, the third prong of the test calls for balancing "the incremental probity of the evidence . . . against its potential for undue prejudice." Id. (quoting [United States v. Beechum, 582 F.2d 898, 914 (5th Cir.1978)]).

Perrier, 619 F. App'x at 796. The Court must consider that evidence of a defendant's prior crimes "is often disfavored because of the possibility for its misuse, especially where the government has a strong case." Sterling, 738 F.3d at 238. "In other words, if the government can do without such evidence, fairness dictates that it should; but if the evidence is essential to obtain a conviction, it may come in. This may seem like a heads I win; tails you lose proposition, but it is presently the law." Id. (quoting United States v. Pollock, 926 F.2d 1044, 1049 (11th Cir. 1991)). Ultimately, in analyzing the third Rule 404(b) prong, "courts should conduct a common-sense assessment of the circumstances of the extrinsic offense, 'including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness.'" Perrier, 619 F. App'x at 796 (citing United States v. Calderon, 127 F.3d 1314, 1332 (11th Cir. 1997)).

In this case, the only information the parties have provided as to these practical circumstances pertains to the temporal remoteness between Defendant's prior convictions and Defendant's alleged conduct in this case. As Defendant's counsel argued at the pretrial hearing, and the Eleventh Circuit has recognized, "temporal remoteness depreciates the probity of the extrinsic offense" evidence. Beechum, 582 F.2d at 915. The Indictment in this case contends that Defendant's unlawful conduct occurred in April of 2018. (Doc. 1.) Defendant's prior drug convictions date to October 2, 2000 and June 6, 2003, and his prior firearm possession conviction dates to May 23, 2003. (Doc. 66, pp. 4–5.) Thus, there are approximately an eighteen-year gap, a fifteen-year gap, and another fifteen-year gap respectively between his past convictions and his alleged conduct in this case. The Eleventh Circuit has found similar temporal gaps between a defendant's prior convictions and the alleged offense conduct to exceed the bounds of probity. Perrier, 619 F. App'x at 797 (vacating defendant's conviction for possession of a firearm by a felon because district court abused discretion in admitting defendant's twenty-two-year-old prior

7

firearm-possession conviction); Sanders, 668 F.3d at 1315 (district court erred in admitting twenty-two-year-old drug conviction because "[g]iven the factual combination here of the lengthy time span, the extremely disparate amounts of different drugs, and the materially differing roles in the offenses, we conclude that [defendant's] prior conviction had virtually no probative value in establishing [defendant's] intent to enter into the present conspiracy"); United States v. Carter, 516 F.2d 431, 434–35 (5th Cir. 1975)[3] ("the probative value of [defendant's] criminal record was considerably diminished by the ten year hiatus, to such an extent that it was outweighed by the prejudice to [defendant] resulting from its admission"); United States v. San Martin, 505 F.2d 918, 922–23 (5th Cir.1974) (nine-year-old and ten-year-old offenses too remote to be probative); but see Sterling, 738 F.3d at 239 (defendants' fifteen-year-old prior bank robbery convictions not too remote from alleged offense conduct where defendants were incarcerated until approximately seven years before alleged offense and facts underlying prior convictions closely matched alleged offense conduct); United States v. Lampley, 68 F.3d 1296, 1300 (11th Cir.1995) (district court did not abuse discretion in allowing introduction of fifteen-year-old drug transactions to show defendant's intent to traffic cocaine).

However, the Eleventh Circuit has "not adopted a bright-line rule for when a conviction is too old to be admissible because the determination is very fact specific." Perrier, 619 F. App'x at 797. Thus, the Court cannot resolve the third Rule 404(b)(2) factor on the temporal gaps alone. "The test for remoteness need not, and indeed cannot, be a simple rule of thumb based solely on the number of years that have elapsed between the prior crime and the present offense charged. The better test[] . . . is whether the prior crime is similar in nature and in its material elements to have clearly probative value with respect to the intent of the accused at the time of the offense

---

[3] The Eleventh Circuit has adopted as binding precedent all former Fifth Circuit Court of Appeals decisions issued before October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

charged." San Martin, 505 F.2d at 922–23. Currently, the Court simply does not have enough facts to conduct this "common-sense assessment of the circumstances of the extrinsic offense." Perrier, 619 F. App'x at 796. Therefore, the Court reserves ruling on whether Defendant's prior drug and firearm convictions satisfy the third Rule 404(b)(2) prong. Should the Government seek to introduce those convictions during the trial of this case, it must first seek leave from the Court to do so, outside the presence of the jury.[4] Counsel for the Government and the Defendant should be prepared at that time to address the practical factors that the Court must consider in determining whether to admit evidence of Defendant's prior convictions, including but not limited to "prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness.'" Id.

## CONCLUSION

After consideration of the parties' pleadings and arguments, the Court **GRANTS IN PART** Defendant's Motion in Limine, (doc. 64), and **DENIES IN PART** the Government's Motion to Introduce Other Act Evidence, (doc. 66). The Court finds that Defendant's prior convictions for theft by receiving and theft by taking are not admissible under Federal Rule of Evidence 404(b), and the Government shall not admit evidence of those convictions at trial under that provision.

However, the Court **RESERVES RULING** as to the remainder of the parties' Motions. Specifically, while the Court finds that Defendant's prior firearm-possession conviction and prior drug convictions have some proper probative value, the Court does not have sufficient information to evaluate the Government's proof of these convictions or to determine whether each conviction's probative value is substantially outweighed by its potential for undue prejudice. Thus, should the

---

[4] At the pretrial hearing, counsel for the Government indicated that he would address the Court prior to introducing any Rule 404(b) evidence and that the Government would not mention any such evidence to the jury before so addressing the Court.

Government seek to introduce evidence of these convictions at trial, it must first notify the Court outside the presence of the jury, at which point it should be prepared to address these unresolved issues.

**SO ORDERED**, this 3rd day of July, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA