# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.

AMARI SAMS,

    Defendant.

CASE NO.: 4:19-cr-15

## O R D E R

This matter comes before the Court on Defendant Amari Sams' oral Motion to Exclude Government's Exhibit 33, which Defendant presented to the Court on July 9, 2019, just prior to the commencement of the parties' opening statements at trial. Both parties presented argument on the exclusion request at that time. In his Motion to Exclude, Defendant seeks the exclusion of six screenshots of photographs and related comments which were purportedly taken from Defendant's Facebook page. Defendant argues that the screenshots should be excluded because the Government did not disclose them to him or identify them as an exhibit until the eve of trial. For the reasons discussed more fully below, the Court **DENIES** Defendant's Motion and permits the Government to introduce Exhibit 33, presuming the Government can establish the remaining requisites for admissibility.

## BACKGROUND

Defendant is charged with five felony counts: conspiracy to possess with intent to distribute controlled substances (cocaine, methamphetamine, and marijuana); possession with intent to distribute controlled substances (cocaine, methamphetamine, and marijuana); possession of a firearm by a prohibited person; possession of a stolen firearm; and possession of a firearm in

furtherance of a drug trafficking crime. (Doc. 1.) The indictment also charged two co-defendants with the same counts. (Id.)

The deadline for each party to provide the Court with a copy of their exhibit list along with a USB flash drive containing all trial exhibits in electronic format was June 19, 2019. (Doc. 58; see also docket entry dated June 17, 2019.) On that date, the Government provided the Court with an exhibit list, but that list did not include either of the exhibits that are relevant to this Order and discussed at length below. On that next day, June 20, 2019, the Court held a pretrial conference in this case. At that conference, counsel for the Government indicated that it would provide the exhibit list and exhibits to defense counsel shortly after the pretrial conference. On July 8, 2019 (the day before trial), the Government provided the Court with a finalized exhibit list which included new exhibits, specifically: Exhibit 32, referred to on the list as "Text messages, 'Face'"; and Exhibit 33, referred to on the list as "Facebook."

It is undisputed that the Government timely disclosed Exhibit 32 to Defendant by providing copies to Defendant shortly after Defendant's initial appearance. Exhibit 32 consists of sixteen photographs of the screen of a cell phone that purportedly belonged to one of Defendant's co-defendants (hereinafter, the "co-defendant's cell phone") displaying a chain of text messages exchanged between the co-defendant's cell phone and the phone number "678-934-3676." (Government's Trial Exhibit 32.) Notably, that phone number was saved in the co-defendant's cell phone under the contact name "Face." (Id.) According to the Government, the text message chain evinces a conversation between one of Defendant's co-defendants and the individual referred to as "Face" regarding planned drug sales.

The Government contends that, until less than a week before trial, it was not aware of any evidence tending to show that the phone number saved as "Face" belonged to the Defendant in

2

this case (and that Defendant thus was the other party to the text chain). During oral argument on the Motion to Exclude, counsel for the Government explained that prior efforts to determine the individual to whom the at-issue phone number (saved as "Face") belonged had proved fruitless. In preparation for trial, however, counsel decided to review Defendant's recorded interview with investigators, during which the investigators had asked Defendant to provide his phone number. While the recording of this interview had been available to the Government for quite some time, this was apparently the first time the Government took notice of the phone number the Defendant had provided. According to the Government, in that interview Defendant stated that his phone number was "678-934-3677." The Government searched on the co-defendant's cell phone to see if there had been any communications between the co-defendant's cell phone and the phone number that Defendant had provided, but none were found. The Government then realized, however, that the number provided by Defendant was almost identical to the phone number saved as "Face" in the co-defendant's cell phone, with the area code and the next six numbers being identical, and the seventh digit of the phone numbers being off by only one (i.e., "7" instead of "6"). Suspecting that the number Defendant had provided during the interview was inaccurate, and that Defendant's phone number may have actually been the one assigned to "Face," the Government began reviewing Defendant's Facebook profile, which the Government states was publicly accessible, for any indication that Defendant's phone number was actually the one saved as "Face" and/or that Defendant may be known as or referred to as "Face." The Government indicated that, on the day before the first day of trial, it discovered several comments on Defendant's Facebook profile page that could be read as referring to Defendant as "Face."

On the afternoon prior to the first day of trial, the Government informed counsel for Defendant that it intended to introduce six pages of screenshots showing a total of four photos of

Defendant—two of Defendant along and two of Defendant posing with a child—that had been posted on Facebook and were accompanied by comments by other Facebook members making reference to "Face." (Government's Proposed Trial Exhibit 33.) Some of the comments were posted in 2016 while some date back as early as 2010. (Id.) Copies of the screenshots were produced to counsel for Defendant at that time.

On the morning of the first day of trial, Defendant raised the issue of the new exhibit. During her argument to the Court, counsel for Defendant argued that the Government failed to timely disclose evidence in violation of Rule 16 of the Federal Rules of Criminal Procedure, and she specifically requested exclusion but also indicated that she was amenable to some other remedy that the Court, in its discretion, may deem proper. In response, counsel for the Government argued that their delay in producing evidence connecting the dots (to show Defendant was the individual texting through the phone number saved as "Face" on the co-defendant's cell phone) resulted from Defendant's provision of an inaccurate phone number during his interview and that counsel for the Government simply had not noticed the similarities between that number and the number assigned to "Face" in the co-defendant's cell phone until counsel commenced preparations in the days before trial.

The Court took the issue under advisement, ordering the parties to refrain from referring to the evidence reflected in Exhibit 33 during opening statements or during the presentation of the evidence on the first day of trial.[1]

---

[1] Outside of the presence of the jury, the Government argued that counsel for the Defendant "opened the door" to the presentation of the Facebook evidence by cross-examining the Government's investigator about whether he undertook any efforts to determine who the phone number saved as "Face" in the co-defendant's cell phone. The Court reiterated its prior ruling that Exhibit 33 would not be introduced during the first day of trial until the Court had an opportunity to resolve the Defendant's oral Motion to Exclude.

**DISCUSSION**

Rule 16 requires that the Government permit a defendant, upon request, to inspect any papers, documents, or tangible objects that are in the government's possession and (1) are material to preparing the defense, (2) are intended to be used by the Government in its case in chief, or (3) were obtained from the defendant. Fed. R. Crim. P. 16(a)(1)(E). The Government has a continuing duty to disclose newly discovered evidence. See Fed. R. Crim. P. 16(c). The Eleventh Circuit has held, however, that while the Government may not leave evidence in the hands of another to avoid disclosure, if the evidence is not in the Government's possession, custody, or control, then it is not subject to discovery. United States v. Brazel, 102 F.3d 1120, 1150 (11th Cir. 1997), *cert. denied*, 522 U.S. 822 (1997). Simply put, "a party cannot produce what it doesn't have." United States v. Cannington, 729 F.2d 702, 712 (11th Cir. 1984).

Further, if there is a violation of Rule 16, "the district court should impose the least severe sanction necessary to ensure prompt and complete compliance with its discovery orders." United States v. Turner, 871 F.2d 1574, 1580 (11th Cir. 1989). In determining a sanction, the district court should consider the "reasons for the delay . . . , whether there was any bad faith on the part of the prosecution, prejudice to the defendant, and the availability of a means to cure the prejudice, including continuances and recesses." Id.

Here, the at-issue Facebook posts—which were posted to a Facebook profile allegedly belonging to Defendant—were not in the Government's "possession, custody, or control" until, at the earliest, the time the Government searched the Facebook profile, observed the comments referencing "Face," and recorded the comments and related photos via screenshot. The evidence indicates that, very soon after finding and recording these posts tending to show that Defendant's nickname may be "Face," the Government alerted defense counsel to them and provided her with

5

copies of the screenshots, thereby complying with the obligations of Rule 16. See, e.g., United States v. Feliciano-Francisco, 701 F. App'x 808, 811 (11th Cir. 2017) ("When the government learned that the photographs existed and that it did not have them, the government obtained the photographs and soon thereafter gave them to defense counsel, thereby complying with the obligations of Rule 16.") (citing Brazel, 102 F.3d at 1150); United States v. Rubinstein, 466 F. App'x 848, 852 (11th Cir. 2012) ("The cloned hard drives were created close in time to the trial date and disclosed promptly to Rubinstein. There was no Rule 16 violation by the government because evidence that is not in the government's custody or control is not subject to discovery."); United States v. Kivett, 262 F. App'x 967, 972 (11th Cir. 2008) ("Because Exhibit Eight was not 'within the possession, custody, or control' of the government prior to a few days before the trial, the district court did not abuse its discretion by admitting the exhibit and denying relief under Rule 16(d)(2)(C)."); Cannington, 729 F.2d at 711–12 (where defendant's entire defense was misidentification and the prosecution introduced a rental agreement with his signature on it which had not been disclosed before trial, Rule 16(a)(1)(A) was not violated because the prosecution did not possess the evidence until a witness produced it during trial; the document was immediately given to the defense, and the trial court was within its discretion in finding that the prosecution acted in good faith and could not have produced what it did not have). Moreover, assuming that the Government can establish that the screenshots were taken from Defendant's Facebook account (which the Government will have to do to introduce the screenshots), the Court can presume that the Defendant was aware of these posts and their contents. Additionally, counsel for the Government and the Defendant indicated that the Facebook account is a "public account" and that the information could be accessed by simply logging onto Facebook. Thus, the information in the screenshots was at least equally available to the defense and to the Government.

Furthermore, even if the Government's conduct with regard to the Facebook posts did violate Rule 16, the Court finds that exclusion of the evidence is not a proper sanction. As discussed above, the Government's delay in presenting the Facebook evidence was attributable—at worst—to the fact that it was first discovered through eleventh-hour investigative work which, while by no means laudable, did not evince any bad faith or dilatory motive on the part of the Government. Additionally, while counsel for Defendant may have been surprised to receive the screenshots and understandably wished for more time to investigate any potential objections or defenses to them, the surprise to *Defendant* would have been *de minimis* given the fact that the screenshots were of comments that had been posted to Defendant's own Facebook profile in response to photos that Defendant had apparently posted himself. Additionally, both Defendant and his counsel knew that the Government might present evidence of the text exchange between the co-defendant's cell phone and the phone number belonging to an individual identified only as "Face," and Defendant can be expected to have known that the phone number he provided to investigators was practically identical to the number saved as "Face" (as shown by the photograph of the co-defendant's cell phone screen provided in Exhibit 32) and that the Government thus may argue that the number saved as "Face" belonged to Defendant. Moreover, any prejudice to Defendant was sufficiently cured through the Court-ordered delay in the presentation of the Facebook evidence at trial, which provided Defendant an additional day to prepare a response to the evidence prior to its being offered by the Government as an exhibit.[2]

---

[2] Moreover, should Defendant's counsel desire any additional time (by manner of a recess or continuance) due to the eleventh-hour disclosure of this information, Defendant may request such relief through a motion to the Court at which time the Court will consider whether such additional time is necessary.

## CONCLUSION

To be clear, the Court does not condone the Government's waiting until the eleventh hour to conduct investigative work that could have been performed months prior to trial. Through its pretrial case management orders and hearings, the Court endeavors to prevent significant last-minute evidentiary disputes such as this. Nonetheless, for all the reasons stated above, and based on the specific facts of this case, the Court declines to exercise the extreme sanction of exclusion. Accordingly, the Court **DENIES** Defendant's Motion to Exclude Government's Exhibit 33 due to an untimely disclosure.

**SO ORDERED**, this 10th day of July, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA